[J-81-2017] [MO: Donohue, J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 9 MAP 2017 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court at No. 319 MDA 2015 dated |
| | : | August 19, 2016 Affirming the |
| v. | : | Judgment of Sentence of the Centre |
| | : | County Court of Common Pleas, |
| | : | Criminal Division, at No. CP-14-CR- |
| RANDY JESUS VALDIVIA, | : | 2234-2013 dated January 23, 2015. |
| | : | |
| Appellant | : | ARGUED:  November 28, 2017 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE MUNDY**                                                 **DECIDED:  October 17, 2018**

I join Justice Todd's concurring and dissenting opinion in full.  Because the Majority opinion incorrectly focuses on Valdivia's subjective knowledge, engages in fact finding, and creates a new category for consent in canine searches, I dissent.

The focus in this case is whether consent to search a vehicle includes consent to a canine sniff of packages in the vehicle.  As noted by the Majority, "the standard for measuring the scope of an individual's consent is one of 'objective reasonableness[,]'" and "[w]e do not ascertain the scope of consent from the individual's subjective belief[.]" Majority Op. at 11 (citations omitted).   Nevertheless, the Majority focuses on the subjective knowledge of Valdivia, repeatedly faulting Trooper Hoy for failing to inform Valdivia that the search would be conducted by a canine and not a human, a rule promulgated for the first time by the Majority.  *See id.* at 5, 16.  The Majority's entire analysis hinges on Trooper Hoy's failure to inform Valdivia of the canine sniff thus placing it outside the scope of consent.  However, the suppression court made no such finding of

fact. As the Majority concedes, "the suppression court did not enter a specific factual finding on this point." *Id.* at 15. "We are bound by the suppression court's factual findings so long as they are supported by the record." *Commonwealth v. Yandamuri*, 159 A.3d 503, 516 (Pa. 2017). There is no finding of fact that Valdivia was not informed by Trooper Hoy that the officers intended to conduct a canine sniff. The Majority attempts to bootstrap its fact finding by suggesting the trial court's "discussion of the issue reflects its conclusion that Trooper Hoy did not inform Valdivia that he had called for a dog to conduct the search of his vehicle." Majority Op. at 16. However, in its conclusions of law the suppression court stated, "[t]estimony at the hearing was conflicting as to whether or not Trooper Hoy indicated to the Defendant that he would be calling a K-9 Unit to conduct a search. Trooper Hoy testified that it was his standard practice to do so, but could not recall if he did on this specific instance." Suppression Ct. Op. at 9. This is contrary to the conclusion of the suppression court, and is a factual finding by the Majority.

Further, the Majority cites to a line of cases that determined a canine sniff is a search under Article I Section 8 of the Pennsylvania Constitution, as opposed to a less intrusive encounter, and characterizes those cases as creating a distinction between human and canine searches. *See* Majority Op. at 18-19 (citing *Commonwealth v. Johnston*, 530 A.2d 74 (Pa. 1987); *Commonwealth v. Rogers*, 849 A.2d 1185 (Pa. 2004)). These cases dealt with the legality of a warrantless canine sniff and whether or not the intrusion was a search. The Majority quotes *Rogers* and states, "[o]f relevance to the case at bar, we observed that while 'canine sniffs are searches . . . **they are not akin to searches conducted by human law enforcement officers**,' and generally require a lesser degree of suspicion." Majority Op. at 18-19 (emphasis in original) (citing *Rogers*, 849 A.2d at 1192). The Majority then concludes "the level of intrusion involved with a

canine sniff, as compared to a human search" has no "relevance to the question before us." Majority Op. at 19. Respectfully, I disagree.

The aforementioned precedent cannot be used to create two categories of searches, human and canine, while simultaneously dismissing the legal holdings that a canine sniff is less intrusive than a human search. I agree with the Superior Court's conclusion that "[n]othing about a canine sniff strikes us as more intrusive than a vehicle search by humans, so when an individual consents to an official search of his vehicle, it is natural to assume that his consent includes both human and canine searches." *Commonwealth v. Valdivia*, 145 A.3d 1156, 1166 (Pa. Super. 2016).

Accordingly, as there is no legal basis for requiring police officers to obtain separate consent for a human search and a canine search, I dissent.

Justice Baer joins this concurring and dissenting opinion.